| | |
|---|---|
| 1 | Rick Richmond (SBN: 194962) |
| | rrichmond@kirkland.com |
| 2 | Xanath Owens (SBN: 200646) |
| | xowens@kirkland.com |
| 3 | Elisa Miller (SBN: 241669) |
| | elmiller@kirkland.com |
| 4 | KIRKLAND & ELLIS LLP |
| | 777 South Figueroa Street |
| 5 | Los Angeles, California 90017 |
| | Telephone:  (213) 680-8400 |
| 6 | Facsimile:   (213) 680-8500 |
| 7 | Attorneys for Defendants |
| | TWENTIETH CENTURY FOX FILM CORPORATION; TWENTIETH CENTURY |
| 8 | FOX INTERNATIONAL TELEVISION, INC.; NEW WORLD TELEVISION |
| | PRODUCTIONS, INC.; and NEW WORLD ENTERTAINMENT, LTD. |
| 9 | |
| 10 | Maxwell M. Blecher (SBN: 26202 |
| | mblecher@blechercollins.com |
| 11 | David W. Kesselman (SBN: 203838) |
| | dkesselman@blechercollins.com |
| 12 | BLECHER & COLLINS, P.C. |
| | 515 South Figueroa Street, 17th Floor |
| 13 | Los Angeles, CA 90071-3334 |
| | Telephone:  (213) 622-4222 |
| 14 | Jeffrey L. Graubart (SBN: 42250) |
| | info@jlgraubart.com |
| 15 | LAW OFFICES OF JEFFREY L. GRAUBART |
| | 350 West Colorado Boulevard, Suite 200 |
| 16 | Pasadena, California 91105 |
| | Telephone:  (626) 304-2800 |
| 17 | Facsimile:   (626) 304-2807 |
| 18 | ATTORNEYS FOR PLAINTIFFS AND THE PLAINTIFF CLASSES |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| NATHAN EAST, *et al.*, | ) | CASE NO. CV 04-04920 GAF (SHx) |
| Plaintiffs, | ) | <u>CLASS ACTION</u> |
| v. | ) | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| TWENTIETH CENTURY FOX FILM CORPORATION, *et al.* | ) | |
| Defendants. | ) | Hon. Gary A. Feess |

| | |
|---|---|
| UNIVERSAL MUSIC CORP., *et al.* | ) |
| Plaintiffs in Intervention, | ) ) ) |
| vs. | ) ) |
| TWENTIETH CENTURY FOX FILM CORPORATION, *et al.* | ) ) ) ) |
| Defendants. | ) ) ) |

This matter came before the Court for hearing pursuant to this Court's Order Conditionally Certifying the Class for Stipulated Class Action Settlement and on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice having been given to the Classes as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Class Action and over all Class Members.

    3.    This Court hereby certifies, for purposes of effectuating this settlement only, the following Classes:

        a.    The "Musical Composition Class," consisting of all Persons, except Excluded Persons, who are Legal Owners of a musical composition or portion thereof that, without license or authorization, was broadcast, cablecast, copied, displayed, disseminated, distributed, embodied, exhibited, performed, recorded, reproduced, synchronized, syndicated, telecast, transmitted or otherwise used in connection with, or

1  as part of, *Santa Barbara* in any manner or in any medium, whether now known or
2  hereafter devised, anywhere.

3      b.    The "Sound Recording Class," consisting of all Persons, except
4  Excluded Persons, who are Legal Owners of a sound recording or portion thereof that,
5  without license or authorization, was broadcast, cablecast, copied, displayed,
6  disseminated, distributed, embodied, exhibited, performed, recorded, reproduced,
7  synchronized, syndicated, telecast, transmitted or otherwise used in connection with, or
8  as part of, *Santa Barbara* in any manner or in any medium, whether now known or
9  hereafter devised, anywhere.

10      c.    The Musical Composition and Sound Recording Classes shall also
11  include Persons who currently hold any monetary or royalty interest in a Musical
12  Composition or Sound Recording that derives from the interest of an Excluded Person
13  within the definition of subparagraph (d)(i) or (d)(iii) only below, as Legal Owner of
14  the Musical Composition or Sound Recording, or portion thereof.

15      d.    Excluded from the Musical Composition and Sound Recording
16  Classes are:

17          i.    any Persons to the extent their claims as alleged in the Class
18  Action have already been released and discharged;

19          ii.    any Persons to the extent they submit a timely and valid
20  request to be excluded from the Classes ("Request for Exclusion");

21          iii.    Defendants and any affiliated or related company or entity of
22  Defendants, and any entity in which a Defendant or any affiliated or related entity has a
23  controlling interest; and

24          iv.    each of the Intervening Plaintiffs (defined as "Music
25  Companies" in the Complaint In Intervention For Copyright Infringement And
26  Conversion, filed on August 12, 2005) and any Person who holds any monetary or
27  royalty interest in the Musical Composition or Sound Recording that derives from the
28  interest of an Intervening Plaintiff as Legal Owner of the Musical Composition or

Sound Recording.

4. Separately with respect to the Musical Composition and Sound Recording Classes, this Court finds and concludes that: (a) the Members of each of the Classes are so numerous that joinder of all Class Members in the litigation is impracticable; (b) there are question of law and fact common to each of the Classes that, in light of the Stipulation of Settlement, predominate over individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Class Members they represent; (d) the Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action settlement is superior to other methods for the fair and efficient adjudication of the matter.

5. This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Classes.

6. This Court also finds that an award of attorneys fees to Class Counsel is appropriate under the circumstances. Class Counsel request a combined award of $291,000 plus interest in attorneys' fees, which request represents 25% of the $1,164,000 common fund settlement plus interest. Class Counsel further request reimbursement for out-of-pocket expenses in the amount of $9,376. The Court finds Class Counsel's requests to be reasonable given the risk and work undertaken by Class Counsel to achieve a prompt settlement creating a common fund and other benefits for the class. The Court therefore hereby awards to Class Counsel $291,000 plus interest in attorneys' fees and $9,376 in out-of-pocket expenses for a total of $300,376, the full amount of which shall be paid out of the common fund settlement.

7. This Court also finds that Named Plaintiffs are entitled to an incentive award. Named Plaintiffs each request an incentive award of $15,000 as compensation for the inherent risk they assumed by participating in this litigation against corporate interests with dominant positions in the entertainment field. The Court finds that the request of each Named Plaintiff is justified and therefore hereby awards each of the three Named Plaintiff $15,000, for a total of $45,000, the full amount of which shall be

paid out of the common fund settlement.

8.  This Court hereby dismisses the Class Action and all claims made or that could have been made therein against Defendants, including without limitation, the Released Claims and Unknown Claims, with prejudice and without fees, expenses and costs.

9.  The Court hereby directs the Parties to perform and satisfy the terms of the settlement set forth in the Stipulation.

10. Upon the Effective Date, each of the Named Plaintiffs shall have, and each of the Musical Composition Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any musical composition or portion thereof in connection with, or as part of, *Santa Barbara* in any manner or in any medium, whether now known or hereafter devised, anywhere.

11. Upon the Effective Date, each of the Named Plaintiffs shall have, and each of the Sound Recording Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any sound recording or portion thereof in connection with, or as part of, *Santa Barbara* in any manner or in any medium, whether now known or hereafter devised, anywhere.

12. Named Plaintiffs and all Class Members are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing, either directly or indirectly, derivatively, individually, representatively or in any other capacity, any of

1 the Released Claims as against any and all Released Persons.

2     13.    The Notice of Proposed Settlement of Class Action and Summary Notice for Publication given to the Classes were the best notice practicable under the circumstances; said notice provided the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice; and the notice fully satisfied the requirements of the Federal Rules of Civil Procedure and standards of due process.

    14.    Neither the Stipulation, the settlement contained therein, any proceedings taken hereunder nor any act performed or document executed pursuant to, or in furtherance of, or in reaching the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any fact alleged, or any Released Claim or defense asserted or that may have been asserted in the Class Action, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to enforce this Stipulation or the settlement provided herein, or the Judgment, except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

    15.    Without affecting the finality of this Judgment in any way, this court hereby retains continuing jurisdiction over (a) implementation of this settlement; and (b) all Parties and Class Members for the purpose of construing, enforcing, and administering the Stipulation.

    16.    In the event that the settlement does not become effective in accordance

1 with the terms of the Stipulation, this Judgment shall be rendered null and void to the
2 extent provided by and in accordance with the Stipulation and shall be vacated and, in
3 such event, all orders entered and releases delivered in connection herewith shall be
4 null and void to the extent provide by and in accordance with the Stipulation.

**ORDER**

IT IS SO ORDERED.

Dated: 2/21/2008

_____
HON. GARY A. FEESS

Submitted by:

Dated:  February __, 2008          KIRKLAND & ELLIS LLP

By:

_____
Xanath Owens

Rick Richmond
Xanath Owens
ATTORNEYS FOR DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, ET AL., with permission from Maxwell Blecher, ATTORNEY for PLAINTIFFS AND THE PLAINTIFF CLASSES